NATIONAL FLOOD INSURANCE PROGRAM — CITY AUTHORITY TO PARTICIPATE Oklahoma cities and towns have the authority under State law to participate in the National Flood Insurance Program of 1968 as implemented and amended in 1969, and to effectuate their participation, have the authority to establish and enforce land use and control measures as defined in the Act to mean zoning ordinances and such other and necessary application of the police power as may be required to provide safe standards of occupancy for, and prudent use of, flood prone areas. However, counties, except as they may join in cooperative activities with municipalities in the formation of a Metropolitan Area Planning Commission or qualify to form and exercise the functions of a Tulsa Area Planning and Zoning Commission, do not have the authority as counties to establish such land use and control measures under currently effective laws. In consequence, their authority to participate in the National Flood Insurance program is restricted to doing so when engaged in the activities referred to in this paragraph above. The Attorney General has had under consideration your recent letter relative to the National Flood Insurance Act, of 1968, as amended in 1969. You ask, in effect, the following questions: 1. Do cities, towns, and counties in Oklahoma have the authority to participate in this National Flood Insurance program? 2. Do they have the authority to establish land use and control measures, zoning ordinances, subdivision regulations, and other applications and extensions of the normal police power to provide safe standards of occupancy for, and prudent use of, flood areas? Title42 U.S.C.A. 4011, provides in relevant part that: "(a) To carry out the purposes of this chapter, the Secretary of Housing and Urban Development is authorized to establish and carry out a national flood insurance program which will enable interested persons to purchase insurance against loss resulting from physical damage to or loss of real property or personal property related thereto arising from any flood occurring in the United States." Title42 U.S.C.A. 4012, provides in part as follows: "(c) The Secretary shall make flood insurance available in only those states or areas (or sub-division thereof) which he has determined have — " (1) Evidenced a positive interest in securing flood insurance coverage under the Flood Insurance Program, and "(2) Given satisfactory assurance that by December 31, 1971, adequate land use and control measures will have been adopted for the State or area (or sub-division) which are consistent with the comprehensive criteria for land management and use developed under Section 4102 of this Title, and that the application and enforcement of such measures will commence as soon as technical information on floodways and on controlling flood elevations is available." Title 42 U.S.C.A. 4022, provides: "After December 31, 1971, no new flood insurance coverage shall be provided under this chapter in any area (or sub-division thereof) unless an appropriate public body shall have adopted adequate land use and control measures (with effective enforcement provisions) which the Secretary finds are consistent with the comprehensive criteria for land management and use under Section 4102 of this Title." Title 42 U.S.C.A. 4102(a), authorizes the Secretary to carry out studies and investigations, using available state, local and federal sources, with respect to the adequacy of state and local measures in flood prone areas, etc. It provides under (b) that such studies and investigations shall include, but not be limited to, laws, regulations, or ordinances relating to encroachments and obstructions on stream channels and floodways, the orderly development and use of flood plains of rivers or streams, floodway encroachment lines and flood plain zoning, building codes, building permits, and subdivision or other building restrictions. It further provides, under (c), that the Secretary shall from time to time develop comprehensive criteria designed to encourage where necessary the adoption of permanent state and local measures which, to the maximum extent feasible, will — "(1) Constrict the development of land which is exposed to flood damage where appropriate, "(2) Guide the development of proposed construction away from locations which are threatened by flood hazards, "(3) Assist in reducing damage caused by floods, and "(4) Otherwise improve the long range land management and use of flood prone areas." Under 11 O.S. 401 [11-401] through 11 O.S. 412 [11-412], as amended in 1968, 1969 and 1970, Oklahoma cities and towns are authorized to establish land use and control measures, and to adopt and enforce ordinances, subdivision regulations, building codes, and other regulations pertaining to the public health and welfare in respect to areas within the jurisdiction of their respective legislative bodies. The 32nd Oklahoma Legislature, at its second regular session, enacted Senate Bill No. 320, effective April 28, 1970, which provided in its Title for "County Planning and Zoning." However, the body of the Act contains no reference to zoning or authority to establish regulations, other than with respect to "Planning." Title 19 O.S. 863.1 [19-863.1] through 11 O.S. 863.29 [11-863.29] (1961), as amended, provided for city county planning,, and zoning by counties having cities with a certain population and more than 50% of their incorporated area within the county. However, in Elias v. City of Tulsa, Okl. 408 P.2d 517 (1965), the Supreme Court held: ". . . that Chapter 19Aa, S.L. 1955, 19 O.S. Supp. 1955, 863.1-863.43, [19-863.1] — [19-863.43] is unconstitutional." Title 19 O.S. 866.1 [19-866.1] through 19 O.S. 866.36 [19-866.36], as amended, provides for the creation, by one or more counties and certain municipalities located therein, of Metropolitan Area Planning Commissions. Specific powers are given to participating counties to establish zoning regulations, building codes, construction codes, and housing codes, for all the area located within three miles of the municipality, or within one-fourth mile of any State or Federal Highway located anywhere in the county, or within one-half mile of any water supply or reservoir owned by the municipality, excluding, however, any incorporated area. . . . Title 19 O.S. 866.2 [19-866.2] and 19 O.S. 866.36 [19-866.36] [19-866.36] (1969) were respectively 1 and 2 of O.S.L. 1965 Regular Session, Thirtieth Legislature, ch. 403, which was approved July 5, 1965, and contained the emergency clause and a provision for codification in Title 19 O.S.Supp. 1965. Section 866.2, as reenacted provides: ". . . . In every county of this state having an upstream terminal port and turnaround where navigation ends, or in any county containing all or any part of a reservoir or reservoirs constructed by the United States Army Corps of Engineers or by the Grand River Dam Authority, such county is hereby granted authority, at the discretion of the board of county commissioners, to establish zoning regulations, a building code and construction codes, and a housing code in accordance with the provisions of this act for all or any part of the unincorporated area within the county . . . ." (Emphasis added) Section 19 O.S. 866.2 [19-866.2] was amended by the addition of the following paragraph: "In the counties in which a Lake Area Planning and Zoning Commission is authorized as provided above, said commission may be created by the Board of County Commissioners of said counties as provided in this act and said commission may exercise all the powers and authority hereinafter provided for City-County Planning and Zoning Commissions. The jurisdiction of any such Lake Area Planning and Zoning Commission is limited to a three mile perimeter from the normal elevation lake shoreline of any such lake." (Emphasis added) Despite the lack of specific reference thereto in Section 19 O.S. 866.2 [19-866.2], it is apparent that the Legislature intended the first quoted portion thereof to be applicable to counties which were participants in the creation of a Metropolitan Area Planning Commission, and also had within their jurisdictions an upstream terminal and navigational turnaround or a reservoir built by the U.S.C.E. or G.R.D.A. Confirmation of the Legislative intent is shown by the language constituting a part of amended Section 866.36, hereinafter quoted. Title 19 O.S. 866.36 [19-866.36] (1969), provides for creation of a Lake Area Planning and Zoning Commission by any one or more counties having within their jurisdiction a lake constructed by the United States Corps of Engineers or by the Grand River Dam Authority. Said section contains the following: ". . . . A Lake Area Planning and Zoning Commission may be formed to include all or any part of a county in which there is a lake constructed by the Corps of Engineers or by the Grand River Dam Authority regard less of the population of said county or the cities and towns therein. More than one county may cooperate in a joint Lake Area Planning and Zoning Commission. Funds for the operation of a Lake Area Planning and Zoning Commission may be appropriated by any county, city or town in the area affected by such Planning Commission. A Lake Area Planning and Zoning Commission when properly formed shall be authorized to exercise all the powers and duties set forth in this act." (Emphasis added) It is therefore, the opinion of the Attorney General that your questions numbered 1 and 2 must be answered in the following manner: Oklahoma cities and towns presently have authority under State statutes to participate in the National Flood Insurance Program of 1968, and to establish land use and control measures, and to adopt and enforce zoning ordinances, subdivision regulations, building codes and other regulations to provide safe standards of occupancy for and prudent use of flood prone areas pursuant to such participation. However, counties as such do not presently have such authority, or the power to establish such land use and control measures or to engage in such zoning and regulatory activities, acting in their individual capacities, but may, subject to the limitations and under the provisions of 19 O.S. 866.2 [19-866.2] (1969), do so where they have created a Metropolitan Area Planning Commission, and under Section 19 O.S. 866.36 [19-866.36] where they can and have formed a Lake Area Planning and Zoning Commission. (Carl G. Engling)